**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IAM NATIONAL PENSION FUND, *et al.*, | ) ) ) | Case No. 1:26-cv-1090 |
| | ) | Judge J. Philip Calabrese |
| Plaintiffs, | ) ) | |
| | ) | Magistrate Judge |
| v. | ) | Jonathan D. Greenberg |
| | ) | |
| GLEDHILL ROAD MACHINERY CO., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Plaintiffs filed suit against Defendant Gledhill Road Machinery Co. alleging violations of ERISA and of the Fund's trust agreement.   Under Rule 55(a), the Clerk entered default against Defendant.  Plaintiffs moved for default judgment in a sum certain, making the motion one under Rule 55(b)(1), though Plaintiff cite Rule 55(b)(2) in the motion.  Defendant failed to respond.  For the reasons that follow, the Court **GRANTS** Plaintiffs' motion for a default judgment, **AWARDS** Plaintiffs $7,538.48 in total damages, including attorneys' fees and costs, and **AWARDS** Plaintiffs reimbursement of reasonable attorneys' fees and costs incurred in the collection and enforcement of this Order and Judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 11, 2026, Plaintiffs IAM National Pension Fund and Yolanda Montgomery, Executive Director of the Fund, sued Gledhill Road Machinery Co. for failing to pay contributions and failing to pay outstanding interest for previously

delinquent contributions, in violation of ERISA and of the Fund's trust agreement. (ECF No. 1, PageID #4–5.)  On May 14, 2026, Plaintiffs completed service on Defendant.  (ECF No. 3.)  On June 8, 2026, the Clerk entered default against Defendant under Rule 55(a) of the Federal Rules of Civil Procedure.  (ECF No. 5.) Because Defendant failed to answer, defend, or otherwise plead in response to Plaintiffs' complaint and the Clerk entered default against it, the Court takes the following allegations as admitted.  Fed. R. Civ. P. 8(b)(6).

Gledhill Road Machinery was and is a party to a collective bargaining agreement with district and/or local lodges that are affiliated with the IAM Union. (ECF No. 1, ¶ 12, PageID #3.)  The collective bargaining agreement binds Gledhill Road Machinery to the Fund's trust agreement.  (*Id.*, ¶ 13, PageID #3.)  The agreement also binds Gledhill Road Machinery to "any amendments and policies promulgated by the Trustees pursuant to their authority under the Trust Agreement."  (*Id.*)  The collective bargaining agreement and the trust agreement require Gledhill Road Machinery to make pension contributions for eligible employees.  (*Id.*, ¶ 14, PageID #3.)

Under Article V § 4 of the trust agreement, if an employer fails to make such contributions, "the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the due date payment is received." (*Id.*, ¶ 15, PageID #3.)  Under the trust agreement, contributions must be remitted to the Fund no later than the twentieth day of the month "following the month for which

2

the [c]ontributions are being paid." (*Id.*, ¶ 16, PageID #3.)  Under the contributions policy, contributions are considered delinquent if the Fund does not receive them "on or before the last business day of the month in which [c]ontributions are due." (*Id.*, ¶ 17, PageID #3.)

Gledhill Road Machinery entered into a collective bargaining agreement effective April 30, 2020 through March 31, 2023.  (*Id.*, ¶ 18, PageID #3.)  Then, Gledhill Road Machinery entered into a collective bargaining agreement effective March 10, 2023 through March 10, 2026.  (*Id.*, ¶ 19, PageID #3.)  Gledhill Road Machinery "has failed to pay contributions to the Fund totaling $3,000.00 for the time period for June 2025." (*Id.*, ¶ 20, PageID #4.)  Under the contributions policy, these contributions are delinquent.  (*Id.*, ¶ 21, PageID #4.)  Under the trust agreement, [i]nterest has and will continue to accrue during the pendency of this litigation on all unpaid contributions[.]" (*Id.*, ¶ 22, PageID #4.)  Also, Gledhill Road Machinery "has failed to pay outstanding interest for previously delinquent contributions totaling $2,021.10." (*Id.*, ¶ 23, PageID #4.)  Under the contributions policy and the trust agreement, "[t]his outstanding interest is delinquent[.]"  (*Id.*, ¶ 24, PageID #4.)  Gledhill Road Machinery's failure to make monthly contributions and failure to pay outstanding interest for previously delinquent contributes "constitutes a breach of its continuing obligations under the CBA, the Trust Agreement, and the Contributions Policy." (*Id.*, ¶ 26, PageID #4.)

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After default has been entered under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b).  "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(6).  In other words, a default on well-pleaded allegations establishes defendant's liability, but the plaintiff bears the burden of establishing damages.  *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).  "Where damages are unliquidated a default admits only the defendant's liability and the amount of damages must be proved."  *Antoine*, 66 F.3d at 110.

Under Rule 55(b)(1), the Clerk may issue a default judgment "for a sum certain or a sum that can be made certain by computation . . . with an affidavit showing the amount due."  Fed. R. Civ. P. 55(b)(1).  Claims for damages are not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled.  *National Auto Grp., Inc. v. Van Devere, Inc.*, No.  5:20-cv-2543, 2021 WL 1857143 at *2 (N.D. Ohio May 10, 2021) (concluding that an affidavit calculating a sum certain based on installment contracts not referenced in the complaint was insufficient).  Further, Rule

4

55(b)(1) applies only where a plaintiff seeks judgment against a party that never appeared. *Citizens Banks v. Parnes*, 376 F. App'x 496, 505 (6th Cir 2010).

On June 8, 2026, the Clerk entered default against Gledhill Road Machinery, which never answered or appeared. (ECF No. 5.) Plaintiffs seek a default judgment in a sum certain amount, specifically the $3,000 in delinquent contributions; $494.14 in estimated interest on those delinquent contributions; $593.84 in outstanding interest for previously delinquent contributions; $600.00 in liquidated damages; and $2,850.00 in attorneys' fees and costs. (ECF No. 6, PageID #25.)

The assistant manager of contribution compliance of the IAM National Pension Fund filed a declaration, with exhibits, in support of Plaintiffs' motion swearing that Gledhill Road Machinery failed to remit its required contributions of $3,000 for June 2025; owes $494.14 in "estimated interest on the unpaid contributions based on a prospective pay date of June 30, 2026"; owes $593.84 in outstanding interest for previously delinquent contributions; and owes $600 in liquidated damages. (ECF No. 6-1, ¶¶ 5–8, PageID #28.) In total, the assistant manager of contribution compliance attests that Gledhill Road Machinery owes the Fund $4,687.98. (*Id.*, ¶ 9, PageID #28.) Plaintiffs' counsel also filed a declaration in support of their motion swearing that the Fund incurred attorneys' fees of $2,347.50 and legal costs of $503.00, totaling $2,850.50. (ECF No. 6-2, ¶ 9, PageID #32.)

Based on the declarations, and because at this stage of the proceedings the allegations in Plaintiffs' complaint are treated as admitted under Rule 8, Plaintiffs

have demonstrated that there is no doubt that they are entitled to the sum certain of $7,538.48 for which they seek a default judgment.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for default judgment (ECF No. 6), **AWARDS** Plaintiffs $7,538.48 in total damages, including attorneys' fees and costs, and **AWARDS** Plaintiffs reimbursement of reasonable attorneys' fees and costs incurred in the collection and enforcement of this Order and Judgment and post-judgment interest at the rate of 18% per annum.

**SO ORDERED.**

Dated: July 10, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio